IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON WYLIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-1986-S-BN |
| | § | |
| JUDGE REED O'CONNOR, | § | |
| FACEBOOK, and JUDGE JEFFREY L. | § | |
| CURETON, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Clinton Wylie returns to this Court with *pro se* claims against Defendant Facebook and adds as defendants, judges of this Court that he claims wrongfully dismissed his prior action against Facebook, seeking monetary damages from all three defendants under a theory that they violated his civil rights. *See* Dkt. No. 3. His case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from the presiding United States district judge.

Wylie's substantive claims are that

[a] Facebook employee responsible for set-up of paid subscriptions frauded and violated civil rights legislation by lying in Go-To-Assist. The employee of Facebook said that there is no paid subscription to Facebook when indeed there is. Evidence is to be extracted by submitting copies of the entire case number 419-CV-58 and is to include screenshot evidence of Go-To-Assist.

Dkt. No. 3 at 1. Wylie references an earlier action he filed against Facebook in the Fort Worth Division of this Court, which was dismissed for lack of subject matter

jurisdiction. *See Wylie v. Facebook*, No. 4:19-cv-58-O-BP, 2019 WL 5458872 (N.D. Tex. Oct. 4, 2019), *rec. accepted*, 2019 WL 5457073 (N.D. Tex. Oct. 24, 2019) ("*Wylie I*"). And he alleges that "[t]his case has already been frauded by Judge[s] Cureton and [O'Connor] in Ft. Worth" and that "Judge[s] Cureton & O'Connor are to be monetarily bank drafted for federal fraud and civil rights violations on and considering the case having a lack of subject matter which is not true." Dkt. No. 3 at 2.

In *Wylie I*, because Wylie did not explicitly allege a violation of federal law, the judgment in that case does not appear to have preclusive effect as to whether the Court possesses subject matter jurisdiction over this action under 28 U.S.C. § 1331. *Cf. Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (per curiam) ("Although the dismissal of a complaint for lack of jurisdiction does not adjudicate the merit so as to make the case res judicata on the substance of the asserted claim, it does adjudicate the court's jurisdiction, and a second complaint cannot command a second consideration of the same jurisdictional claims." (collecting cases)); *accord Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 469 (5th Cir. 2013) ("[T]he district court's judgment was on the merits because the district court's decision in *Comer I* adjudicated the jurisdictional issues of standing and justiciability, and 'res judicata appl[ies] to jurisdictional determinations.'" (quoting *Frank C. Minvielle LLC v. Atl. Ref. Co.*, 337 F. App'x 429, 435 (5th Cir. 2009) (per curiam); citing *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 534 (5th Cir. 1978))).

Nonetheless, in his current complaint, Wylie has not established federal question jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims."). They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdition. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

By filing this lawsuit in federal court, Wylie took on the burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And if he does not establish federal

jurisdiction, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Federal question jurisdiction under Section 1331 "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir.

1995)).

But "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)). "[A] complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

And, if the complaint on its face lacks a "substantial, disputed question of federal law," *Hot-Hed*, 477 F.3d at 323, "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim" is proper if the federal claim asserted is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida*, 414 U.S. at 666); *cf. Atakapa*, 943 F.3d at 1007 ("Federal courts lack power to entertain [ ] 'wholly insubstantial and frivolous' claims." (quoting *Southpark Square*, 565 F.2d at 343-44)).

"Determining whether a claim is 'wholly insubstantial and frivolous' requires asking whether it is 'obviously without merit' or whether the claim's 'unsoundness so

clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject.'" *Atakapa*, 943 F.3d at 1007 (quoting *Southpark Square*, 565 F.2d at 342). But, even if a

> claim is not foreclosed by prior authoritative decisions, it must be more than frivolous to support federal question jurisdiction. In determining substantiality, we must ask "whether there is any legal substance to the position the plaintiff is presenting." The test here "is a rigorous one and if there is any foundation of plausibility to the claim federal jurisdiction exists."

*Southpark Square*, 565 F.2d at 342-43 (citations omitted).

First, as to Facebook, to claim that this defendant violated his civil rights, actionable under 42 U.S.C. § 1983, Wylie "must allege facts showing that he has been 'deprived of a right secured by the Constitution and the laws of the United States,' and that the deprivation was caused by a person or persons 'acting under color of state law.'" *Burroughs v. Shared Hous. Ctr.*, No. 3:15-cv-333-N-BN, 2015 WL 4077216, at *2 (N.D. Tex. June 17, 2015) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)), *rec. accepted*, 2015 WL 4089756 (N.D. Tex. July 6, 2015).

Wylie alleges no facts to show that Facebook acted under "color of state law." And, where a plaintiff "does not allege facts demonstrating that [a defendant] acted under color of state law," he also fails "to plead and establish subject-matter jurisdiction based on the existence of a federal question." *E.g., Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. Additionally, although Mitchell argues that Clinkscales is liable

under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

As to the judicial officers he has added as defendants, the only claim that Wylie brings against them is that his first lawsuit against Facebook was improperly dismissed. So all that Wylie has plausibly alleged is that Judge Cureton and Judge O'Connor acted in a judicial capacity.

Judges generally have absolute immunity for judicial actions taken within the scope of their jurisdiction, which also means that judicial officers are generally immune from suits for money damages. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 221-22 (5th Cir. 2009). "Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). "A judge's acts are judicial in nature if they are normally performed by a judge and the parties affected dealt with the judge in his judicial capacity." *Id.* at 285 (internal quotation marks omitted). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11; *see Boyd*, 31 F.3d at 284 ("The alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant." (citing *Young v. Biggers*, 938 F.2d 565, 569 n.5 (5th Cir. 1991))). And "[d]isagreeing with a judge's actions does not justify depriving

that judge of his or her immunity." *Greenlee v. U.S. Dist. Court*, No. 09-2243-cv-FJG, 2009 WL 1424514, at *2 (D. Kan. May 21, 2009) (citing *Stump*, 435 U.S. at 363).

Wylie's claims against Judge Cureton and Judge O'Connor are therefore barred by absolute judicial immunity. These barred claims must be dismissed and cannot provide for jurisdiction under Section 1331. *Cf. Mitchell*, 253 F. App'x at 340.

*Wylie I* was dismissed on diversity jurisdiction grounds. But if that dismissal is not preclusive of jurisdiction under Section 1332, the complaint here also fails to establish diversity jurisdiction.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). And the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Dismissal under Section 1332 is mandated here because Wylie has not shown that complete diversity exists or alleged a factual basis to show that his claims exceed the amount in controversy.

That Wylie's complaint lacks a basis for federal jurisdiction was so apparent, particularly considering his first lawsuit, the undersigned did not enter a show cause order prior to recommending that the Court dismiss this action *sua sponte*. But, if

Wylie believes that he can amend his claims to establish a basis for federal jurisdiction, the 14-day period for filing objections to these findings, conclusions, and recommendation affords him an opportunity to do so.

## Recommendation

The Court should *sua sponte* dismiss this action for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 18, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE